**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TIMOTHY S. BARKOVIC,

    Plaintiff,

v.                                                                           Case No. 10-14145

JUSTICES OF THE MICHIGAN SUPREME
COURT and JOHN F. VAN BOLT,

    Defendants.
                                         /

**ORDER DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION, SETTING DEADLINE FOR SERVICE, SETTING
BRIEFING SCHEDULE, AND SETTING DATE FOR HEARING**

Plaintiff Timothy Barkovic filed a complaint along with a motion for a temporary restraining order and preliminary injunction on October 15, 2010. Plaintiff alleges that Michigan Rule of Professional Conduct 6.5(a), and the Michigan Supreme Court's enforcement of the rule, violates the First, Fifth, and Fourteenth Amendments of the United States Constitution. (Compl. ¶¶ 10-11.) Plaintiff further alleges that he "is currently the subject of a prosecution initiated by the Michigan Attorney Grievance Comission . . . for allegedly violating MRPC 6.5(a)," and that a hearing in that matter is scheduled for December 20, 2010. (*Id.* ¶¶ 14-16 & n.2 (citation omitted).) Because that hearing is more than two months away, Plaintiff has failed to "clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse part[ies] can be heard in opposition." *See* Fed. R. Civ. P. 65(b)(1)(A). Accordingly,

IT IS ORDERED that Plaintiff's "Motion . . . for Temporary Restraining Order and Preliminary Injunction" [Dkt. # 2] is DENIED IN PART. Specifically, the court DENIES the request for a temporary restraining order.

IT IS FURTHER ORDERED that Plaintiff SERVE the complaint, motion, and this order on Defendants, in accordance with Rule 4 of the Federal Rules of Civil Procedure, by **October 26, 2010**.[1] Defendants must file a response to Plaintiff's motion by **November 12, 2010**.[2] Plaintiff must file any reply by **November 16, 2010**.

A hearing on the motion for Preliminary Injunction will be held on **November 23, 2010, at 10:00 am.** Two hours are normally allocated for the proceedings on that date. Such hearings, in the experience of the court, are often comparable to non-jury trials, and counsel are thus directed comply with the following instructions:

**1)** **PLAINTIFF'S COUNSEL TO CONVENE FIRST MEETING**

Plaintiff's counsel must convene a meeting of all attorneys, as soon as can practically be done after the motion for preliminary injunction is filed, to discuss and resolve the issues noted herein. Such meeting may be by telephone if all purposes of this order can be effectively dealt with through such means.

**2)** **EXHIBITS: Examining, Pre-marking and Listing:**

a) Counsel must identify in separate lists and exchange with opposing counsel each exhibit and each deposition proposed as an exhibit. "Exhibit" includes items which a party will introduce and items which a party may introduce.

---

[1] The Clerk of the Court entered a "Notice of Error" on October 15, 2010, the same day Plaintiff's complaint and motion were filed, because Plaintiff incorrectly entered Defendants' names on the docket. The summons will not issue until Plaintiff complies with that notice by amending the docket.

[2] Defendants must also, of course, file and serve an answer in accordance with Rule 12 of the Federal Rules of Civil Procedure.

b) Counsel must promptly notify each other of any objections to the admissibility of a proposed exhibit and the basis of the objection.

c) Agreed-upon exhibits and depositions shall be considered admitted at the outset of the hearing.

d) All exhibits must be marked **by counsel** in advance of the hearing. Counsel must not use court time by asking the court reporter to mark exhibits. Plaintiff will use exhibit numbers beginning with 101, and defendant will use numbers beginning with 501.

**3)** **FILING OR SUBMITTING TO CHAMBERS STIPULATED EXHIBITS, DEPOSITIONS, TRIAL BRIEFS AND OTHER MATTERS**

a) Counsel for the plaintiff, **not later than three business days before the hearing date**, shall:

    i.    file a joint list of exhibits and depositions ("Joint Exhibit List"). Each exhibit and each deposition that is not agreed to by the parties must be followed by a notation near the right margin of the page entitled "Objection"; this notation shall be followed by a brief statement describing the nature or basis of the opposing party's objection;

    ii.   file a joint statement of counsel concerning the suitability of consolidation of the hearing and trial under Rule 65(a)(2)[3] ("Rule 65(a)(2) Statement"); and

    iii.  submit to the court (but do not file) copies of the exhibits themselves, unless bulk or other considerations make such submission impractical, and copies of the agreed-upon deposition testimony identified in the listing ordered above.

---

[3] In a case where a permanent injunction is sought which is essentially a mirror of the preliminary injunction, counsel must discuss and recommend to the court the suitability of consolidating the hearing on the preliminary injunction with the trial on the merits of the application for permanent injunction, pursuant to Federal Rule of Civil Procedure 65(a)(1)(2).

b) Each party must file not later than three business days before the hearing date:

    i) a "Hearing Brief," which shall include separately numbered proposed findings of fact[4] and a set of proposed conclusions of law; and

    ii) a list of the witnesses that each party intends to call, with a brief statement of the proposed testimony (one or two sentences) and an estimate of the time to be consumed in direct and cross examination of each witness.

                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated: October 20, 2010

---

[4] Counsel should try to agree on the significant facts. Please attempt to construct a consolidated set of findings of fact in the following manner:

- The proponent of the motion prepares separately-numbered proposed findings of fact and transmits them on paper and electronically to opposing counsel *ten* days before the hearing.
- Opposing counsel will agree, as appropriate, with each proposed fact, or disagree and propose an alternate, related fact in substitution for the fact with which counsel disagreed, and opposing counsel should propose additional facts as necessary; this reaction is then transmitted on paper and electronically to proponent of the motion *six* days before the hearing.
- The proponent of the motion will then react to the additional proposed facts electronically and on paper *three* days before the hearing.
- The final product can then be submitted to the court in a consolidated form electronically, and on paper.

This procedure will avoid having the parties independently drafting proposed facts, many of which are undisputed yet repeated in both versions.

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 20, 2010, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-14145.BARKOVIC.SetHearingPreliminaryInjunction.jmp.wpd
5